NO.
12-10-00031-CR

      

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

LAWRENCE
SUNDERLAND,                        '                 APPEAL
FROM THE THIRD

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        '                 ANDERSON COUNTY,
TEXAS

                                                        
                                         

MEMORANDUM OPINION

PER CURIAM

Lawrence
Sunderland appeals his conviction for possession of a deadly weapon in a penal
institution.  Appellant’s
counsel has filed a brief asserting compliance with Anders v. California,
386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous v.
State, 436 S.W.2d 137 (Tex. Crim. App. 1969).  We dismiss the appeal. 

 

Background

Appellant
was an inmate in a Texas prison.  He refused an order to move from one cell to
another.  A supervisor arrived, and Appellant told him he would not move
because did not wish to be housed with an inmate of a different race.  After
checking the details of the anticipated transfer, the supervisor told Appellant
that he would be in a single person cell.  In other words, he told Appellant
that he would not have a cellmate.  Appellant still refused to leave his cell
and brandished an improvised knife.  Eventually, the supervisor was able to
persuade Appellant to relinquish the knife.  During an investigation, Appellant
admitted that he had fabricated the weapon because he did not wish to be housed
with an inmate of another race.  

An
Anderson County grand jury indicted Appellant for the felony offense of possession of a deadly weapon in a
penal institution.[1]  The offense is a third degree
felony, but the grand jury also alleged that Appellant had a prior felony
conviction, which elevated the punishment range to that of a second degree
felony.[2]  Appellant testified at his
trial, and admitted that he possessed the improvised weapon.  The jury found
him guilty, found the sentencing enhancement to be true, and assessed
punishment at imprisonment for seven years.  This appeal followed. 

 

Analysis
Pursuant to Anders v. California

Appellant=s counsel has filed a brief in compliance with Anders
and Gainous.  Counsel states that she has diligently reviewed the
appellate record and that she is well acquainted with the facts of this case. 
In compliance with Anders, Gainous, and High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel=s brief presents a thorough chronological summary of
the procedural history of the case and further states that counsel is unable to
present any arguable issues for appeal.[3]  See Anders, 386 U.S. at 745, 87 S. Ct. at
1400; see also Penson v. Ohio, 488 U.S. 75, 80, 109 S. Ct. 346,
350, 102 L. Ed. 2d 300 (1988).  We have likewise reviewed the record for
reversible error and have found none.

 

Conclusion

As
required, Appellant’s counsel has moved for leave to withdraw.  See In re
Schulman, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig.
proceeding); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991).  We are in agreement with Appellant’s counsel that the appeal is
wholly frivolous.  Accordingly, counsel’s motion for leave to withdraw is
hereby granted, and we dismiss this appeal.  See
In re Schulman, 252 S.W.3d at 408-09 (“After the completion of these
four steps, the court of appeals will either agree that the appeal is wholly
frivolous, grant the attorney=s motion to withdraw, and dismiss
the appeal, or it will determine that there may be plausible grounds for
appeal.”).

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise him of his right to file a
petition for discretionary review. See Tex.
R. App. P. 48.4; In re Schulman, 252 S.W.3d at 411 n.35. 
Should Appellant wish to seek further review of this case by the Texas Court of
Criminal Appeals, he must either retain an attorney to file a petition for
discretionary review or he must file a pro se petition for discretionary
review. See In re Schulman, 252 S.W.3d at 408 n.22.  Any petition
for discretionary review must be filed within thirty days from the date of
either this opinion or the last timely motion for rehearing that was overruled
by this court.  See Tex. R. App.
P. 68.2.  Any petition for discretionary review must be filed with this
court, after which it will be forwarded to the Texas Court of Criminal Appeals
along with the rest of the filings in this case.  See Tex. R. App. P. 68.3.  Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.  See Tex. R. App. P. 68.4; In re Schulman, 252
S.W.3d at 408 n.22.

Opinion
delivered January 31, 2011.

Panel
consisted of Worthen, C.J., Griffith, J, and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 




 









[1]
See Tex. Penal Code Ann.
§ 46.10 (Vernon 2003). 

 





[2]
See Tex. Penal Code Ann. §
12.42(a)(3) (Vernon Supp. 2010). 

 





[3] Counsel for
Appellant has certified that she provided Appellant with a copy of this brief.
Appellant was given time to file his own brief in this cause. The time for
filing such a brief has expired, and we have received no pro se brief.